# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF ESSEX, NOVEMBER TERM 1849, AT SALEM.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE,
Hon. CHARLES A. DEWEY, } Justices.
Hon. RICHARD FLETCHER,

## Joseph M. Titcomb vs. Solomon H. Currier.

A trustee of land cannot transfer his legal estate by a deed purporting only to convey all the right, title, and interest of the *cestui que trust* therein.

This was a writ of entry, to recover one undivided eighth part of a lot of land, in Newburyport. On the trial, before *Dewey*, J., the judge being of opinion, that the demandant was entitled to recover, the tenant was defaulted, and the case reported for the consideration of the whole court. The facts, upon which the decision was founded, sufficiently appear in the opinion of the court. The case was argued and decided at a former term.

*O. P. Lord*, for the demandant.

*C. B. Goodrich* and *N. J. Lord*, for the tenant.

WILDE, J. Upon the argument of this case several ques-tions were discussed by counsel, upon which it is not neces sary to express an opinion; for on examination of the de-mandant's title, a defect appears which renders the other questions immaterial. That title is derived from the last will and testament of Anthony Davenport, through a deed from Solomon H. Currier and George Davenport to Solomon Haskell, and sundry other mesne conveyances.

By the will the testator devised one eighth part of all his estate, real and personal, to Solomon H. Currier and George Davenport in trust for his daughter Mary Coffin The question is, what title, if any, passed by the deed of Currier and Davenport to Haskell. By that deed the gran-tors conveyed or undertook to convey "all the right, title and interest that the said Mary Coffin had to one eighth part of all the real estate belonging to Anthony Davenport, late of Newburyport, deceased, as devised to said Mary Coffin by his last will and testament." Now as Mary Coffin took only an equitable estate, as *cestui que trust,* under the will of her father, we think the legal estate of the trustees did not pass to Haskell by this deed. Nothing was conveyed but the right and title of Mary Coffin.

If the words had been used as words of description or designation of the land conveyed, referring for that purpose to the estate of Mary Coffin, or had there been any words which could be so construed as to convey the title of the trustees, the legal as well as the equitable estates would have passed; but there are no such words; and the recital in the deed cannot enlarge or control the words of the grant. If these words were doubtful, the recital might aid in the construction; but they are not; they expressly grant the right and title of Mary Coffin, and nothing more.

It may be that such was not the intention of the parties, but the supposed intention of the parties cannot supply a defect, or correct a mistake, in the conveyance. Whatever may have been the intention of the parties, we think it clear, that the deed to Haskell cannot be so construed as to convey to him the legal title to the demanded premises.

*Default taken off.*